THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBRA KUSHNER                        )
6103 43ʳᴰ Aᴠᴇɴᴜᴇ                       )
Hyattsville, MD 20781                )
      Plaintiff,                  )
                                     )
      vs.                         )
                                     )
AKIN GUMP STRAUSS HAUER &             )
  FELD LLP LTD PLAN                  )
1333 Nᴇᴡ Hᴀᴍᴘsʜɪʀᴇ Aᴠᴇ., NW             )
Wᴀsʜɪɴɢᴛᴏɴ, D.C. 20036                 )
                                     )
UNUM LIFE INSURANCE                  )
COMPANY OF AMERICA                   )
2211 Cᴏɴɢʀᴇss Sᴛʀᴇᴇᴛ                   )
Portland, Maine 04122                )
      Defendants.                 )
                                     )

## COMPLAINT

Debra Kushner ("Plaintiff") initiates this action to seek redress against the Akin Gump Hauer Strauss & Feld, LLP LTD Plan (LTD Plan) administered by UNUM Life Insurance Company of America ("UNUM") for unlawful violation of the Employee Retirement Income Security Act of 1974, *as amended*, ("ERISA"). Specifically, she is seeking redress for Defendants' failure to fairly, accurately and disinterestedly review her claim for long-term disability benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C.§1132(a)(1)(B), ERISA § 502(a)(3), 29 U.S.C.§1132(a)(3). As a result of these violations, Plaintiff asserts that she is entitled to: (1) payment of the LTD benefits to which she is entitled under ERISA § 502(a)(1)(B), 29 U.S.C.§1132(a)(1)(B), and (2) such equitable remedies under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) to redress Defendants' breach of fiduciary duty in failing to

interpret the plan in accordance with its plain meaning, due to its administering the plan under a conflict of interest.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1), 1132 (a), and 28 U.S.C. § 1331.
2. Venue is proper in this Court under 29 U.S.C. § 1132(e), as the plan is administered in this District and the acts complained of occurred in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
4. Plaintiff has exhausted all administrative remedies.

## THE PARTIES

5. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
6. Debra Kushner ("Plaintiff") resides in the State of Maryland.
7. Plaintiff was employed by Akin Gump Strauss Hauer & Feld, LLP ("Employer") at the time she became disabled.
8. UNUM is headquartered in Portland Maine, and does business in the District of Columbia.
9. UNUM is an insurance company that issued a group long-term disability insurance policy to Akin Gump Strauss Hauer & Feld, LLP, located in Washington, DC.
10. The Akin Gump Strauss Hauer & Feld, LLP LTD Plan ("LTD Plan") is a welfare benefit plan, as defined under ERISA § 3(1), 29 U.S.C. §1002(1).
11. The LTD Plan promises benefits to certain categories of employees who become disabled.
12. Plaintiff was covered by the LTD Plan at the time she suffered a disabling medical condition that prevented her from performing her primary job duties.

13. Akin Gump Strauss Hauer & Feld, LLP is the "plan administrator" of the LTD Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

14. The LTD Plan is underwritten by UNUM and the UNUM is responsible for all aspects of claim administration and paying benefits. Therefore, UNUM is a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C.§l002(21)(A).

15. At all relevant times, Plaintiff was an employee of Employer and was a participant in the Plan.

## FACTUAL ALLEGATIONS

16. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

17. Plaintiff was employed by the Employer as a Creative Services Manager.

18. Plaintiff's job required her to, among other things, lead strategic creative design projects and develop and design all phases of projects involving client communications, advertisements, brochures, logos, newsletters, invitations, event materials, marketing collateral, and e-marketing campaigns.

19. The Employer sponsors a LTD Plan, which provide benefits to eligible employees who become disabled.

20. Plaintiff became eligible to participate in the LTD Plan on or about January 22, 2008.

21. The LTD Plan is insured by and its claims are administered by UNUM

22. Under the terms of the Plan, UNUM has the discretion to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy.

23. Under the LTD Plan, UNUM defines disability as follows:
You are disabled when Unum determines that:
- you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness or injury;** and
- you have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.
After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience. You must be under the regular care of a physician in order to be considered disabled.

3

24. Benefits under the LTD Plan are also paid by UNUM. The LTD Plan states that benefits will be paid only if UNUM decides, in its discretion, that the participant is entitled to such benefits.

25. Plaintiff suffers from late-stage neurological Lyme disease, Bartonella, Babesia, Lyme meningitis and encephalitis.

26. Severe fatigue, exhaustion and Plaintiff had difficulty with reading and comprehension, visual-spatial difficulties, word generation and communication difficulties, and an overall decline in intellectual performance at work since March, 2010.

27. Plaintiff's disabling conditions resulted in her experiencing pain, chronic fatigue, lymph node swelling,

28. Plaintiff has and continues to be treated routinely for these chronic diseases.

29. The chronic condition Plaintiff suffers has and continues to affect her ability to concentrate and focus for extended periods of time.

30. In or about May 23, 2011, Plaintiff's treating physicians recommended that she no longer work.

31. After receiving the maximum self-insured short-term disability benefits, Plaintiff applied for long-term disability benefits, which were denied on January 26, 2012.

32. UNUM stated that the decision was supported by the fact that medical records did not reflect laboratory tests or physical exam findings consistent with the diagnosis of Lyme disease, although the treating physician notes reflected that Plaintiff's suffered from difficulty with concentration and short-term memory loss, which are symptoms related to Lyme disease.

33. UNUM disagreed with the treating physician's diagnosis of Bartonella.

34. Plaintiff commenced work with the University of Maryland in November 2013.

35. Plaintiff timely appealed the denial of long-term disability benefits.

36. On May 1, 2013, UNUM issued an appeal decision upholding the original claim denial.

37. UNUM stated that while the medical records support a diagnosis of aseptic meningitis, the cause of the infection was unclear; although UNUM recognized that it might have represented early disseminated Lyme infection.

38. UMUM also recognized that Plaintiff was treated for Babesia and Bartonella infections.

39. UNUM concluded that notwithstanding these conditions, Plaintiff could perform the essential functions of her job.

40. As of May 1, 2013, Plaintiff has exhausted all administrative remedies.

41. This case has been commenced within three years of the appeal denial.

## COUNT I:  WRONGFUL DENIAL OF LTD BENEFITS

42. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

43. Plaintiff satisfied the requirements for obtaining LTD benefits under the LTD plan.

44. Under the Plan's definition of disability, Plaintiff need only show that she was limited in performing the material and substantial duties of her regular occupation due to her sickness or injury; and, that she suffered a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

45. Plaintiff submitted medical documentation to support these findings, including attending physician statements, medical reports, neuropsycological reports and MRI results.  These submissions substantiate that Plaintiff was unable to perform the substantial duties of her job.

46. Despite the medical evidence suggesting that Plaintiff suffered from cognitive impairments that affected her job performance, UNUM determined that she was not disabled because she could perform her job.

47. UNUM acted in contravention to the plan and ignored key objective medical evidence, arbitrarily finding that Plaintiff was not disabled for purposes of LTD benefits despite her valid submissions to the contrary.

48. This constitutes a wrongful denial of Plaintiff's LTD benefits encouraged by the conflict of interest under which UNUM operates. UNUM is both the interpreter of Plan terms and eligibility and the payer of benefits. By exercising its discretion to determine that Plaintiff does not meet the definition of disabled under the Plan and is therefore not eligible for LTD benefits, UNUM necessarily saves itself from having to pay benefits for which it is otherwise financially responsible.

49. Plaintiff seeks the unpaid disability benefits she is eligible for and entitled to under the Plan, and such other benefits including, but not limited to the Rehabilitation and Return to Work Assistance Benefits, Dependent Care Assistance Expenses, and such benefits available under the Disability Plus Rider.

50. Plaintiff seeks reasonable attorney's fees pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

  A. Review the denial of benefits in this case and declare that she is entitled to all benefits under the LTD Plan.

  B. Order payment of LTD benefits.

  C. Award such other legal, equitable and remedial relief as the Court deems appropriate under ERISA § 502(a)(3), 29 U.S.C.§1132(a)(3).

  D. ORDER the Defendants to pay attorneys' fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

DATED: April 30, 2016

                       /s/Denise M. Clark
Denise M. Clark (420480)
Clark Law Group, PLLC
1250 Connecticut Ave., N.W, Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com